POOLER, *Circuit Judge*, concurring in part and dissenting in part:

I concur with the dispositions in this case with one exception: affirming the sentence. The district court did not err in calculating the Guidelines range, and it articulated various reasons for imposing 480 months—40 years—of imprisonment. Nevertheless, I decline to affirm a sentence that effectively requires Kourani to spend the rest of his adult life in prison, especially when Kourani's actions have not directly injured anyone. Such a disproportionate sentence "shock[s] the conscience." *United States v. Rigas*, 583 F.3d 108, 124 (2d Cir. 2009) (internal quotation marks omitted).

Other defendants who have committed similar crimes received lesser sentences. *See, e.g.*, Sentencing Memorandum by USA, Minute Entry, *United States v. Abdurasal Hasanovich Juraboev*, No. 15-CR-95 (E.D.N.Y. 2017), ECF Nos. 244, 251 (sentencing a defendant who was affiliated with ISIS, wanted to kill President Obama, and schemed to bomb Coney Island to 180 months', or 15 years', imprisonment); Sentencing Submission by USA, Judgment in a Criminal Case, *United States v. Wesam El-Hanafi*, No. 10-CR-162 (S.D.N.Y. 2015), ECF Nos. 197, 211 (sentencing a defendant who provided financial support and surveillance information to Al Qaeda to 15 years' imprisonment); Sentencing Memorandum by USA, Filed Judgment in a Criminal Judgment, *United States v. Mohamed Ibrahim Ahmed*, No. 10-CR-131 (S.D.N.Y. 2013), ECF Nos. 96, 101 (sentencing a defendant to 111 months', or 9.25 years', imprisonment for providing money to and engaging in weapons training with Al-Shabab). These shorter, yet still

21   very serious sentences, for comparable conduct suggest that Kourani's sentence is

22   "greater than necessary to achieve the goals of § 3553(a)." *United States v. Dorvee*, 616

23   F.3d 174, 188 (2d Cir. 2010) (internal quotation marks omitted).

24   Here, had the district court ordered the sentences imposed for each of his

25   convictions to run concurrently, Kourani would have served 20 years in prison and

26   subsequently been deported. This is sufficient to accomplish the goals of imposing an

27   adequate punishment, deterring future criminal conduct, and avoiding unwarranted

28   sentencing disparities. *See* 18 U.S.C. § 3553(a). Instead, Kourani must serve twice that.

29   Although a 20-year sentence is below the Guidelines range, in certain areas of the law,

30   without careful consideration of an individual defendant's circumstances, the

31   Guidelines may "generate unreasonable results." *Dorvee*, 616 F.3d at 188; *see United*

32   *States v. Stewart*, 590 F.3d 93, 153 (2d Cir. 2009) (Calabresi, J., concurring) (noting that

33   the terrorism enhancement is "undeniably broad" and "has dramatic consequences on

34   the applicable Guidelines range"). Growing concern exists about the fairness of the

35   exceedingly high sentencing enhancements on "material support" of terrorism crimes,

36   particularly where the support is nonviolent. *See, e.g.*, Laura Rovner & Jeanne

37   Theoharis, *Preferring Order to Justice,* 61 AM. U. L. REV. 1331, 1348-49 & n.72 (2012)

38   (explaining that sentences subject to the terrorism enhancement tend to be 7.8 times

39   longer than those that are not); James P. McLoughlin, Jr., *Deconstructing United States*

40   *Sentencing Guidelines Section 3A1.4: Sentencing Failure in Cases of Financial Support for*

*Foreign Terrorist Organizations*, 28 LAW & INEQ. 51, 57-58 (2010) (explaining how the terrorism enhancement results in sentences "often disproportionate to the conduct of conviction" (footnote omitted)).

Ultimately, Kourani received a fair trial and was properly adjudicated guilty by a jury. His crimes were undeniably serious. It is not lost on me that Kourani's actions could have culminated in far more injurious results. Nevertheless, they did not, and accordingly, the sentence imposed is disproportionately high.